**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC HOLLAND,<br><br>    Petitioner,<br><br>vs.<br><br>JEANNE WOODFORD, Director,<br><br>    Respondent. | CASE NO. 06cv969 DMS (WMc)<br><br>**ORDER (1) ADOPTING THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE; (2) GRANTING RESPONDENT'S MOTION TO DISMISS; AND (3) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

The Court now considers the petition for writ of habeas corpus of Eric Holland ("Petitioner"), a state prisoner proceeding *pro se* pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the Court hearby ADOPTS the Report and Recommendation of the Honorable William McCurine, Jr., United States Magistrate Judge ("R&R"), and DENIES the petition in its entirety.

**I.**

**PROCEDURAL BACKGROUND**

On September 30, 1996, Petitioner pleaded guilty to assault on a peace officer with a semi-automatic firearm in violation of Penal Code § 245, subdivision (d)(2), and resisting a peace officer in violation of Section 148.10, subdivision (a). He also admitted the great bodily injury and firearm enhancements alleged in Section 12022.5, subdivision (a). On April 16, 1997, a California Superior court sentenced Petitioner to a total term of 20 years for the counts listed above. On April 1, 1997, the trial court denied Petitioner's motion to withdraw the plea of guilty. On October 9, 1998, the

1  California Court of Appeal affirmed.  The California Supreme Court denied review on December 22,
2  1998.

3  Petitioner filed a petition for writ of habeas corpus on December 13, 1999 in the California
4  Court of Appeal, which was denied on February 18, 2000.  He then filed a petition for writ of habeas
5  corpus in the San Diego County Superior Court. This petition was denied on September 22, 2000.
6  However, the order denying his petition also recalculated and corrected the number of presentence
7  credit days Petitioner received, reducing it from 464 days to 456 days.

8  On May 1, 2006, Petitioner filed this federal Petition for Writ of Habeas Corpus pursuant to
9  28 U.S.C. § 2254 ("Petition").  On September 25, 2006, Respondent filed a motion to dismiss the
10 Petition on the grounds that it is untimely and the claims are unexhausted. [Doc. No. 9.]  On February
11 12, 2007, Magistrate Judge William McCurine, Jr. issued the R&R on Respondent's motion to
12 dismiss.  In the R&R, Judge McCurine recommends the Court grant Respondent's motion to dismiss
13 the Petition with prejudice.  *Id.*  Both of Petitioner's two sets of objections to the R&R were filed late,
14 but nonetheless accepted by the Court on March 15, 2007 and June 5, 2007, respectively.

15 **II.**
16 **LEGAL STANDARD**

17 This Court's role in reviewing an R&R is set forth in 28 U.S.C. § 636(b)(1).  Under this
18 statute, the district court "shall make a *de novo* determination of those portions of the report . . . to
19 which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or
20 recommendations made by the magistrate."  *Id.*  When no objections are filed, the court may assume
21 the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law.
22 *Campbell v. United States Dist. Court*, 501 F.2d 196, 201 (9th Cir. 1974); *Johnson v. Nelson*, 142 F.
23 Supp. 2d 1215, 1217 (S.D. Cal. 2001).  Under such circumstances, the Ninth Circuit has held that "a
24 failure to file objections only relieves the trial court of its burden to give *de novo* review to factual
25 findings; conclusions of law must still be reviewed *de novo*."  *Barilla v. Ervin*, 886 F.2d 1514, 1518
26 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174
27 (9th Cir. 1996) (citing *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).
28 / / /

# III.

# DISCUSSION

Respondent has moved to dismiss Petitioner's federal Petition on the grounds that the Petition is barred by the applicable statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Respondent argues that even allowing for statutory tolling, the one-year statute of limitations had expired more than five years before Petitioner filed the instant Petition. Respondent further asserts that Petitioner's claim is not subject to equitable tolling because there were no circumstances that precluded Petitioner from filing a timely federal petition. The R&R correctly found that the statute of limitations began running on March 22, 1999. Petitioner was entitled to tolling of the statute of limitations between December 13, 1999, when he filed his state habeas petition, and February 18, 2000, when it was denied. Taking those days into account, and calculating the statute of limitations based upon the finalization of Petitioner's conviction as required by Section 2244(d)(1)(A), the R&R correctly concluded that Petitioner's statute of limitations expired on June 5, 2000. (R&R at 5) The R&R also correctly found that Petitioner was not entitled to further equitable tolling of the statute of limitations. In the R&R, Judge McCurine recommends granting the Respondent's Motion to Dismiss and dismissing Petitioner's Petition with prejudice. Petitioner responded with two principal objections: (1) The R&R incorrectly selects the date on which the statute of limitations began running; and (2) Petitioner is entitled to equitable tolling. For the reasons discussed below, the Court overrules Petitioner's objections and agrees with the R&R.

**A.    Statute of Limitations start date**

AEDPA applies to this case because the present Petition was filed in May 1, 2006. *See Lindh v. Murphy*, 521 U.S. 320 (1997) (stating AEDPA applies to habeas corpus petitions filed after 1996). AEDPA established a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C.A. § 2244(d)(1) (West Supp. 2003). It provides:

(1) The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1) (West Supp. 2003).

The R&R based its statute of limitations calculations on the date when Petitioner's conviction became final as provided by Section 2244(d)(1)(A). (R&R at 4). A conviction becomes final when direct review is exhausted or the time for which to seek direct review has expired. U.S.C. § 2244(d)(1)(A). Respondent argued, and the R&R found that Petitioner's conviction became final on March 22, 1999, ninety days after the California Supreme Court denied Petitioner's petition for review on December 22, 1998. (R&R at 4). *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that finality of a state's judgment must be extended ninety days in order to allow time to seek a writ of certiorari from the United States Supreme Court.) Petitioner objects to this finding, stating his conviction did not become final until November 22, 2000, 60 days after the state court recalculated his presentence credits on September 22, 2000. Petitioner's objection fails for two reasons. First, Section 2244(d)(1)(A) contemplates the finality of *judgment*, not *sentencing*. Second, even if this Court were to find that the conviction somehow became final on or near November 22, 2000, absent any tolling, the statute of limitations would have expired on this Petition on or near November 22, 2001, well before the filing date of May 1, 2006.

The main thrust of Petitioner's argument, however, is that Section 2244(d)(1)(A) does not provide the appropriate dates upon which the statute of limitations began to run. Rather, Petitioner argues that subsections (B) or (D) are more appropriate. Petitioner's arguments lack merit for the reasons explained below.

*1. Petitioner's Section 2244(d)(1)(B) objection*

Section 2244(d)(1)(B) forestalls the running of the statute of limitations until all impediments created by the State are removed. Petitioner contends that the following three events constituted impediments under subsection (B): (1) State prison officials losing or destroying his legal papers; (2) The state's suppression of evidence relating to a bomb threat that disrupted an allegedly promised

visitation period with his newborn daughter and gave rise to his habeas claim (which Petitioner claims has not been remedied to date); and (3) ineffective assistance of counsel on appeal (which Petitioner claims has also not been remedied to date). (P.'s 2d Set Obj. at 3-5)

The first claimed impediment is insufficient. Petitioner claims that prison officials "lost and/or destroyed Petitioner's legal papers on or about November 26, 2004." The destruction of papers more than four years after the state's denial of habeas, even if true, would not have interfered with Petitioner's ability to bring this Petition in the interim. Thus, this event does not constitute an impediment sufficient to invoke the alternate start date in Section 2244(d)(1)(B).

The final two claimed impediments are not sufficient to toll the statute of limitations since Petitioner claims they have not yet been remedied, but has nonetheless brought his Petition. Since the allegedly wrongful suppression of evidence and ineffective assistance of counsel are ongoing and did not keep Petitioner from bringing this claim, they could not have been sufficient to impede Petitioner from bringing this same claim in 2000.

*2. Petitioner's 2244(d)(1)(D) objection*

Petitioner claims that the statute of limitations should be forestalled because he did not learn about the legal basis for the current Petition until he spoke with his most recent jailhouse lawyer. (P.'s 2d Set Obj. at 5). This argument fails for two reasons. First, Section 2244(d)(1)(D) states that the statute of limitations may be forestalled until the "date on which the *factual* predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In this case, the only apparent factual predicates to Petitioner's claim were the events surrounding his disrupted visitation. Petitioner has given no indication that he was unaware of any relevant facts. Instead, Petitioner was unaware of the legal basis of a possible claim based on those facts. Second, Petitioner's own statement of objections indicates he became aware of the legal basis of his Petition "in the late part of 2004." Even if the statute of limitations began running "in the late part of 2004," it would have expired "in the late part" of 2005, at least four months before Petitioner filed his Petition.

/ / /

/ / /

**B.     Petitioner Is Not Entitled to Equitable Tolling**

The R&R correctly found that Petitioner was not entitled to equitable tolling. While 28 U.S.C. § 2244 does not specifically provide courts with discretion to maintain jurisdiction over habeas claims after the one-year statute of limitations has expired, nothing in this section specifically disallows a court from maintaining jurisdiction as a matter of equity. *See Duncan v. Walker,* 533 U.S. 167, 183 (2001). The Ninth Circuit has permitted equitable tolling in few circumstances, stating "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner has the burden of establishing he is entitlement to tolling. *See Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002). Generally, a petitioner seeking tolling must establish two elements "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Raspberry v. Garcia,* 448 F.3d 1150, 1153 (9th Cir. 2006).

Petitioner claims he is entitled to equitable tolling because he was denied access to the law library and legal papers during several alleged prison lockdowns, transfers, and court appearances. (P.'s 2d Set Obj. at 3-4). These circumstances as manifested in Petitioner's case do not meet the high standard required for a grant of equitable tolling.

First, Petitioner has not demonstrated that he has been pursuing his rights diligently. Petitioner's request for discovery apparently involved records of his movements until April 11, 2001. (2d Set Obj. at 4). Petitioner claims that those same movements were also the cause of his lack of access to a law library. Even if he were able to prove the court appearances and other movements met the second prong's "extraordinary circumstance" requirement, those circumstances went away in April, 2001, leaving him more than five years to file this action without impediment. Moreover, the movement history Petitioner submitted indicates sporadic rather than continuous movement. For example, in 2000, the year in which he should have filed this Petition, there is no movement reported for the months of January, February, March, July, September, or October. Finally, his alleged lack of access to the movement history evidence also does not justify tolling until May 2006. The printout of Petitioner's movements attached to his objections is dated August, 2003. Even if he required access

to this paperwork, he still should have submitted his habeas Petition before August, 2004. This Court finds that Petitioner's one-to-five-year delay does not demonstrate the diligent pursuit of rights.

In any case, the court appearances and prison movements that took place during the first two or three years of Petitioner's imprisonment do not constitute "extraordinary circumstances" that stood in his way. "Extraordinary circumstances exist when wrongful conduct prevents a prisoner from filing." *Shannon v. Newland,* 410 F.3d 1083, 1090 (9th Cir. 2005). Wrongful conduct, therefore, is a predicate to finding extraordinary circumstances. Here, Petitioner alleges no such misconduct. Petitioner does not claim any systematic defect in the law libraries he accessed; he merely claims that he was, at times, too busy to use them. Even if Petitioner's various movements impacted his schedule to the degree he claims, the crowding of his calendar was due to prison transfers and a variety of appearances in court that Petitioner does not allege were wrongfully imposed or wrongfully executed. In fact, Petitioner provides numerous records of his movements, indicating that none of the alleged movements were secretive, unrecorded, or otherwise noncompliant with acceptable procedure. Thus, none of Petitioner's claims entitle him to equitable tolling of the statute of limitations.

### IV.
### CONCLUSION

Having conducted a de novo review, the Court **ADOPTS** the recommendation of the Magistrate Judge, **GRANTS** Respondent's motion to dismiss and **DISMISSES** this case with prejudice.

**IT IS SO ORDERED.**

DATED: August 27, 2007

_____
HON. DANA M. SABRAW
United States District Judge